UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| BASIL LOUD HAWK, | 5:18-CV-05078-KES |
|---|---|
| Plaintiff, | |
| vs. | ORDER |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

On November 5, 2018, plaintiff, Basil Loud Hawk, moved under Rule 60(b) of the Federal Rules of Civil Procedure for relief from his judgment of conviction dated July 18, 2000. Docket 1. In essence, he claims the court was without jurisdiction to impose his sentence. *Id.* A Rule 60(b) motion should be considered a second or successive § 2255 petition when it "attacks the federal court's previous resolution of a claim *on the merits*[.]" *Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005). Although fashioned as a motion under Rule 60(b), Loud Hawk's motion is in fact a motion to vacate, set aside or correct a sentence by a person in federal custody under 28 U.S.C. § 2255.

"It is well-established that inmates may not bypass the authorization requirement of 28 U.S.C. § 2244(b)(3) for filing a second or successive . . . § 2255 action by purporting to invoke some other procedure." *United States v. Lambros*, 404 F.3d 1034, 1036 (8th Cir. 2005). "Likewise, the certificate requirement under 28 U.S.C. § 2253(c)(1) may not be circumvented through creative pleading." *Id.*

This court has previously dismissed three prior actions brought under 28 U.S.C. § 2255 by Loud Hawk, namely: 99-CV-5001, 14-CV-5006, and 16-CV-5037. Copies of the three prior orders of dismissal are attached. In the 2014 and 2016 cases,

Mr. Loud Hawk claimed the court was without jurisdiction to impose his sentence. He again makes this argument, and the law has not changed. Furthermore, Loud Hawk has made no showing that he received permission from the United States Court of Appeals for the Eighth Circuit to file a second or subsequent motion as is required by 28 U.S.C. § 2244(b)(3). As a result, this court is without jurisdiction to consider Loud Hawk's request for relief. Because this is a successive petition, it is dismissed. Thus, it is

ORDERED:

1. Plaintiff will not be allowed to proceed without prepayment of fees.
2. Plaintiff's Motion for Relief from a Judgment of Order (Docket 1) and all other pending motions (Dockets 2, 8, 9, 10) are denied.

Dated October 17, 2019.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE